**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-01711 VAP (OPx)                    Date:  October 25, 2012

Title:     WEDGEWOOD COMMUNITY FUND II, LLC -v- ADALBERT M. ZAMORA; PAMELA E. ZAMORA AND DOES 1 TO 10
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR                     ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                          None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    This matter is appropriate for resolution without hearing pursuant to Local Rule 7-15 and stands submitted on the moving papers.

    On October 5, 2012, alleging that this Court has federal question jurisdiction over the instant case, pro se Defendans Adalbert Zamora and Pamela Zamora removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of San Bernardino.  For the following reasons, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                                             Initials of Deputy Clerk ___md___
CIVIL -- GEN                           Page 1

**EDCV 12-01711 VAP (OPx)**
**WEDGEWOOD COMMUNITY FUND II, LLC v. ADALBERT M. ZAMORA; PAMELA E. ZAMORA AND DOES 1 TO 10**
**MINUTE ORDER of October 25, 2012**

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendants allege the bases for removal are federal question jurisdiction, 28 U.S.C. § 1441, and diversity jurisdiction, 28 U.S.C. 1332.  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question pled in a complaint, there is no federal question jurisdiction.  Also from the face of the Complaint, the "demand does not exceed $10,000.00," well below the $75,000.00 in damages necessary to invoke diversity jurisdiction.  Accordingly, the Court REMANDS this action to the California Superior Court for the County of San Bernardino and VACATES the hearing set for November 19, 2012.

    **IT IS SO ORDERED.**